IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:09 CV 144

| | |
|---|---|
| Robert L. Swinney, II,<br><br>      Plaintiff pro se,<br><br>v.<br><br>CITY OF CHARLOTTE,<br><br>      Defendant. | **DEFENDANT'S RESPONSE TO "PLAINTIFF'S 2ND REQUEST TO COURT TO ORDER DEFENDANT TO RESPOND TO DISCOVERY REQUESTS"** |

    Defendant City of Charlotte, by its undersigned attorney, within the expedited time frame Ordered by this Court, responds to "Plaintiff's 2nd Request to Court to Order Defendant to Respond to Interrogatories and Request for Documents", as follows:

1. Defendant did in fact respond to Plaintiff's Interrogatories and Request for Documents as Ordered by this Court, within the time Ordered by the Court.

2. Plaintiff has submitted two sets of interrogatories to Defendant. Those documents are attached hereto.

3. Both documents were served on Defendant long after this Court's mandated discovery deadline of December 4, 2009, but the Court subsequently overruled Defendant's objections on that basis, and ruled that Plaintiff's error was "excusable neglect".

4. Accordingly, Defendant responded to Plaintiff's Interrogatories and Request for Documents as Ordered by this Court, within the time Ordered by the Court.

5. Defendant did object that Plaintiff's Interrogatories far exceeded the 25 question limit mandated by this Court's Pretrial Order, when counting subparts, as mandated by FRCP Rule 33(a)(1).

6. The issue of the 25 question limit was raised in Defendant's response to Plaintiff's initial Motion to Compel, but the Court did not rule on the issue one way or the other, so Defendant continues to assert its objection that Plaintiff far exceeded the 25 question limit. See, copies of Plaintiff's two sets of Interrogatories, attached hereto.

7. Defendant did assert attorney-client privilege and attorney work product privilege with respect to some documents. Defendant proffers to the Court that these were counsel's notes, drafts, thought processes and communications with clients on matters related to the herein litigation. Non privileged documents were produced.
8. Defendant attached to its Responses 328 bates-stamped documents responsive thereto.
9. Documents produced by Defendant included, inter alia, all known relevant written witness statements and reports, as requested by Plaintiff.
10. In various ways, Plaintiff asked about Defendant's policies and procedures on several topics.
11. With respect to Defendant's internal policies and procedures, Defendant elected to print out the relevant manuals, etc., and attach them to its Responses. FRCP Rule 33(d).
12. With respect to Defendant's City-wide policies and procedures, Defendant directed Plaintiff's attention to Defendant's internet websites, and gave Plaintiff the applicable internet addresses. Those websites are searchable, and presumably are more accessible and manageable than voluminous paper copies. However, if it pleases the Court, Defendant will attempt to print out as much of the on-line material as possible.
13. After Plaintiff's termination from employment, he filed a grievance with Defendant.
14. As a result, Defendant held an informal hearing on October 10, 2008, at which Plaintiff and his father were present, and were heard at length.
15. On information and belief, all of the "reports" and "written statements" that Plaintiff now seeks were exchanged and made available before or at that informal hearing.
16. Nonetheless, Defendant attached copies of those documents to Defendant's response to Plaintiff's discovery requests.
17. Other than privileged documents and the materials from the internet (discussed above), Plaintiff has identified no documents or categories of documents which he is lacking.

18. Further objecting, based on counsel's observations and Plaintiff's conduct at the deposition and the informal hearing, on information and belief, Defendant alleges that Pro se Plaintiff's case is being directed and driven by his father, Robert Swinney, Senior, who neither an attorney, nor a party herein. On information and belief, Defendant alleges that documents filed in this Court over Pro se Plaintiff's signature were written by his

father, who is not an attorney. Defendant objects to such documents being received by this Court, and Defendant will object if said Robert Swinney, Senior, purports to represent Pro se Plaintiff, who is over 30 years old and not incompetent, in any manner before this Court.

This is the __1__ day of March, 2010.

__/s/ R. Harcourt Fulton_____
R. Harcourt Fulton, Esq.
1100 Cameron Brown Building
301 South McDowell Street
Charlotte, North Carolina 28204-2659
704-336-8855
Attorney for Defendant City of Charlotte

### Certificate of Service

I hereby certify that a copy of the aforegoing **DEFENDANT'S RESPONSE TO "PLAINTIFF'S 2ND REQUEST TO COURT TO ORDER DEFENDANT TO RESPOND TO DISCOVERY REQUESTS"** by Defendant City of Charlotte, was served electronically and/or mailed, postage prepaid, to the following:

Robert L. Swinney, II
7245 Winery Lane
Charlotte, North Carolina 28227
Plaintiff pro se

This is the __1__ day of March, 2010

__/s/ R. Harcourt Fulton_____ _____
R. Harcourt Fulton, Attorney for Defendant