IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Robert L. Swinney II, Pro Se,<br>Plaintiff,<br><br>vs.<br><br><br><br><br><br>City of Charlotte,<br>Defendant | (Revised 2/9/10)<br><br>**INITIAL INTERROGATORIES**<br><br>**AND**<br><br>**REQUEST FOR DOCUMENTS**<br><br>3: 09cv144 |

To: Defendant City of Charlotte (Agents/Employees)
    a. Joseph Holden
    b. Sam Guinn
    c. Angela C. Lee
    d. Douglas Bean
    e. Michael Dazzo
    f. Julie Birch
    g. Frank Suddreth
    h. Raheem Williams

From: Plaintiff Robert L. Swinney II

    Comes now Plaintiff, Robert L. Swinney II, Pro Se, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and submits these interrogatories addressed to Defendant, City of Charlotte, and its agents as named above: Joseph Holden, Sam Guinn, Angela C. Lee, Douglas Bean, Michael Dazzo, Julie Birch, Frank Suddreth, and Raheem Williams. These interrogatories must be answered in writing, under oath or under penalty of perjury within thirty (30) days from the date all parties are served.

DEFINITIONS AND INSTRUCTIONS
    For the purposes of these interrogatories and production requests, the following definitions and instructions shall apply:

1. The word "hands on" means to touch someone in a neutral manner, as non-offensive, by mistake, by happenstance, to prevent, to defend as to touch without intent of offence.
2. The word "assault" means to touch someone aggressively as to cause physical harm, or bodily injury, intention to main or bruise.
3. The word "verbal assault" means to direct loud or abusive language, including cussing or paralanguage to provoke or induce emotional distress.
4. References to "the April 28, 2008 incident" encompasses all statements and actions that occurred on April 28, 2008 that gave rise to the issues in this lawsuit – Civil Action No. 3:09, CV 144
5. If any interrogatory calls for information not in your possession or subject to your control, identify the custodian or possessor of such information.
6. These interrogatories and Requests are continuing in nature, and subject to follow-up question(s) or clarification of an answer.

## INTERROGATORIES

**QUESTION #:**

1. **To be answered by Joseph Holden:** Based on your knowledge, information, and belief, provide in your own words a description of what was reported to you occurred during the incident on April 28, 2008, and include with specificity:

   (a) the location of the April 28 incident

   (b) the names of all employees present during the April 28, 2008 incident

   (c) words spoken by each person which gave rise to the described incident

   (d) acts performed by each individual that contributed to the perpetration of any argument and/or "hands-on" movement and/or "assault" and/or "verbal assault"

2. **To be answered by Joseph Holden:** Did you request that any and all persons who were involved in the April 28, 2008 incident or who witnessed the April 28, 2008 incident report to you what they did or observed on April 28, 2008? If the answer is yes, provide:

   (a) the names of any and all persons from whom you requested a report, written or otherwise, on the April 28, 2008 incident

   (b) the names of any and all persons who voluntarily submitted a report, written or otherwise, to you based on their involvement in or observations of the April 28, 2008 incident

(c) for each person who submitted a report, ensure the following is included in your information: the date the report was submitted; the type of report (prepared written, handwritten, email, letter or memo, form); reason the report was submitted

3. **To be answered by Joseph Holden**: If you <u>did not</u> request that any and all persons who were involved in the April 28, 2008 incident, or who witnessed the April 28, 2008 incident provide you with a report, written or otherwise, of what they did or witnessed, provide with specificity and detail information on the following:

- (a) the names of any and all persons who were involved in the April 28, 2008 incident, or who witnessed the April 28, 2008 incident whom you <u>did not</u> request a report, written or otherwise

- (b) rationale for why you <u>did not</u> request reports, written or otherwise, from any and all parties who were involved in the April 28, 2008 incident, or who witnessed the April 28, 2008 incident, or who had any information or knowledge about what occurred on that day

4. **To be answered by Joseph Holden**: Describe any and all action (disciplinary and non-disciplinary) that you took as a result of the April 28, 2008 incident. When answering this question, include with detail and specificity the following:

- (a) the names of all persons you interviewed regarding the incident, along with the dates for all interviews

- (b) the names of all persons with whom you consulted or sought advice during your investigation of the April 28, 2008 incident. Provide the employer name for each person, along with job title, immediate supervisor name, and dates you spoke with them

- (c) referring to names generated from your responses to Interrogatory #4(b), describe any and all comments, advice and direction given to you from those you consulted during your investigation of the April 28, 2008 incident

- (d) describe any and all reports, or emails, memoranda, or letters, or forms completed and/or submitted as a result of your investigation of the April 28, 2008 incident.

- (e) State the names and job titles of any and all persons to whom you submitted copies of any reports, emails, memoranda, or letters, or forms completed as a result of your investigation of the April 28, 2008 incident and the rationale for providing copies of the reports of the April 28, 2008 incident to those persons

5. **To be answered by Joseph Holden**: Describe with specificity and detail any and all internal policies in effect before or after April 28, 2008, which directly or indirectly

addressed the appropriate procedures and processes for investigating and reporting the type of incident that occurred on April 28, 2008

6. **To be answered by Joseph Holden:** Based on your knowledge, information, and belief, was a report filed with any public law enforcement office and/or City of Charlotte security and/or any other security enforcement by anyone as a result of the April 28, 2008 incident? If the answer is yes, provide:

   (a) the dates the reports were filed

   (b) the names of the persons filing reports, and the names of all persons whom reports were filed against

   (c) any and all action taken by the City of Charlotte, or public law enforcement personnel, or City of Charlotte security, or any other security enforcement as a result of reports filed with any of these entities

7. **To be answered by Joseph Holden:** Did you personally speak with any public law enforcement officials, City of Charlotte security, or any other security enforcement at anytime or anywhere regarding the April 28, 2008 incident. If the answer is yes, provide:

   (a) the dates, names, and titles of any law enforcement officials with whom you spoke about the April 28, 2008 incident

   (b) who was present with you when you spoke with law enforcement officials

   (c) identify any and all reports you filed with law enforcement agencies, or assisted with filing, and provide information as to whether you spoke with law enforcement officials at their offices, from your offices, or from another location.

   (d) describe any and all action you took as a result of communications with law enforcement personnel, City of Charlotte security, or any other security enforcement

8. **To be answered by Joseph Holden:** With regard to employment policies in effect during Michael Dazzo's tenure of employment with the City of Charlotte, what procedures are required to be taken when the City of Charlotte has information about a criminal charge or conviction against one of its employees, particularly when that charge or conviction is an offense of violence?

9. **To be answered by Joseph Holden:** Identify by name any and all persons who advised, initiated, or requested that Robert L. Swinney II take a polygraph for testing on issues related to the April 28, 2008 incident. Include with specificity and detail the following:

   (a) the job titles of each person identified in Interrogatory #10

(b) the dates the advisement or request for a polygraph test was made to you, whether written or oral

(c) the justification or rationale for a polygraph test

(d) names and job titles of any and all persons who advised Robert L. Swinney II, orally or in writing, that his refusal to take a polygraph test would result in his employment termination

10. **To be answered by Joseph Holden**: Identify by name any and all persons who advised, initiated, or requested that all other persons (other than Robert L. Swinney II) involved in the April 28, 2008 incident, or who witnessed the April 28, 2008 incident, including, but not limited to Sam Guinn, Oscar Harris, Michael Dazzo, take a polygraph for testing on issues related to the April 28, 2008 incident. When answering the question above, include with specificity and detail the following:

(a) the job titles of each person identified in Plaintiff's Interrogatory #11

(b) the dates the advisement or request for a polygraph test was made, whether written or oral

(c) the justification or rationale for a polygraph test

(d) whether any other persons (other than Robert L Swinney II) were advised or requested, orally or in writing, to take a polygraph test in relation to the April 28, 2008 incident and advised that their refusal to do so would result in employment termination

(e) the date all others (other than Robert L. Swinney II) were administered a polygraph test

11. **To be answered by Joseph Holden**: With regards to Michael Dazzo's written report of April 28, 2008, and citing to the last sentence in the second to last paragraph where the phrase, " no harm no foul", is stated, to what incident and person (s) was he (Michael Dazzo) referencing?

12. **To be answered by Joseph Holden**: In your letter to Robert L. Swinney II, dated August 19, 2008, you described an "unprovoked attack", provide the following information related to that phrase with specificity and detail:

(a) describe what you meant by unprovoked attack?

(b) on whose statements did you rely in concluding there was an "unprovoked attack"

(c) what evidence, gleaned from your investigation, formed the basis for your conclusion there was an "unprovoked attack"?

(d) Did you falsify or finesse any letter or report regarding the incident.

13. **To be answered by Joseph Holden**: Provide the justification for the decision to terminate Robert L. Swinney and include the following information:

   (a) identify any and all persons with whom you consulted for advice and/or recommendations relating to the termination of Robert L. Swinney II and include the job titles of each person

   (b) describe the advice, comments, and direction and recommendations provided to you for the termination of Robert L. Swinney II

   (c) explain the advice, comments, recommendations, and directions from others that you relied on when you decided to terminate Robert L. Swinney and explain why you acted on the advice, comments, recommendations, and direction of others

14. **To be answered by Joseph Holden**: Based on your knowledge, information, and belief, identify by name and job title any and all employees who were terminated as a result of their involvement in the April 28, 2008 incident and include the following information:

   (a) dates each employee was terminated

   (a) the race of each employee terminated

   (b) identification of any and all persons who were consulted for advice and/or comments and/or recommendations and direction relating to the termination of employees involved in the April 28, 2008 incident and include the job titles of each person

   (c) identification of departments and names of immediate supervisors of each employee terminated

   (d) provide the justification and rationale for terminating the employees identified in Plaintiff's Interrogatory #16


15. **To be answered by Joseph Holden**: Based on your knowledge and access to information, identify by name and job title any and all employees who were terminated by the City of Charlotte Utilities Dept. from January 1, 2000 up to the time you produce responses to Plaintiff's Interrogatories and Request for Documents, and include in your response:

   (a) dates each employee was terminated

   (b) the race of each employee terminated

(c) identification of any and all persons who were consulted for advice and/or comments and/or recommendations and/or direction relating to the termination of employees terminated January 1, 2000 up to the time you produce responses to Plaintiff's Interrogatories and Request for Documents and include the job titles of each person

(d) identification of departments and names of immediate supervisor of each employee terminated

(e) provide the justification and rationale for terminating the employees identified in Plaintiff's Interrogatory #18

16. **To be answered by Michael Dazzo:** (Employment Inquiry)

    (a) provide your full name and any aliases you currently use or have used in the past

    (b) what is your position with the City of Charlotte? Identify your job title and describe your employment responsibilities

    (c) how many years have you been employed with the City of Charlotte?

    (d) identify the name and job title of the person who recommended you for employment with the City of Charlotte

    (e) identify the name and job title of the person who hired you for employment with the City of Charlotte

    (f) at the time of your hire with the City of Charlotte, state of the name(s) of the City of Charlotte employee(s) with whom you had a personal or prior employment relationship. Also include with specificity your past and current relationships with Joseph Holden; Douglass Bean; Frank (A.F.) Suddreth; and John Fishburne

    (g) identify by name and job title the person who supervised you at the time of your involvement in the April 28, 2008 incident, and identify by name and job title your current supervisor

17. **To be answered by Michael Dazzo:** During your employment history with the City of Charlotte, have you ever been reprimanded or had a negative report or complaint placed in your record? If your answer is yes, provide:

    (a) explain why a complaint was filed against you and why you were reprimanded

    (b) state the name and job title of the person who reprimanded you

(c) provide information as to whether you have ever been charged or convicted of a violent offense or offense(s) involving lack of control for anger issues

18. **To be answered by Michael Dazzo**: Provide with detailed and specific answers events related to the April 28, 2008 incident

    (a) in your own words, describe the April 28, 2008 incident, and describe with particularity how Robert L. Swinney II became involved in an incident that began with anger issues directed at Oscar Harris

    (b) during the incident on April 28, 2008, did you put your hands on any part of Oscar Harris's body or the body of Robert L. Swinney II?

    (c) during the incident on April 28, 2008, did you assault Oscar Harris or Robert L. Swinney II, or did you verbally assault Oscar Harris or Robert L. Swinney II?

    (d) did Robert L. Swinney put his hands on you, assault you, or verbally assault you on April 28, 2008?

    (e) state the names and job titles of any and all persons who requested that you submit to a polygraph examination and state whether you were induced to take the test by threat of termination of employment

19. **To be answered by Michael Dazzo**: Based on your information, knowledge, or belief, did Oscar Harris file a complaint with the Charlotte Police Department or any other law enforcement agency, alleging that you assaulted him on April 28, 2008. If your answer is yes, provide:

    (a) information as to whether you were arrested, arraigned or fingerprinted due to Oscar Harris's allegations against you for assault

    (b) state when you notified the City of Charlotte that you faced an allegation or charge of assault or was convicted of assault against another employee of the City of Charlotte (Criminal case #CR 031478; Mecklenburg County; "Offence Assault and Battery on Oscar Harris"; Re: Exhibit #7)

    (c) state what action the City of Charlotte, as well as Joseph Holden, took after you notified them that you faced an allegation or charge of assault or was convicted of assault against another employee of the City of Charlotte

20. **To be answered by Michael Dazzo**: Do your have a criminal record history? If yes; describe your criminal record history, and include but not limit your responses to the information below:

    (a) describe all criminal records and the attendant offenses

    (b) describe all criminal records and offenses involving non-white races

(c) when did you notify the City of Charlotte or any immediate supervisors about misdemeanor assault on a female (Case #200721855, Mecklenburg County)

(d) for the case described in Plaintiff's Interrogatory #24(c) explain in detail your offense in the case and state the female victim's name and address

21. **To be answered by Frank (A.F) Suddreth**: (Employment Inquiry)

    (a) identify all employment positions you have held with the City of Charlotte prior to and after April 28, 2008 and provide dates, beginning with your date of hire

    (b) state your qualifications as an expert polygraph professional or technician and provide a description of the polygraph technology you utilized to test Robert L. Swinney II, and for any and all other persons involved in the April 28, 2008 incident

    (c) state the number of polygraph tests you have performed during your entire career as a polygraph professional or technician and include the percentage of tests you have performed for the City of Charlotte?

    (d) state the name and job title of the person who requested that you administer a polygraph test to Robert L. Swinney II and any and all other individuals involved in the April 28, 2008 incident

    (e) what background information was provided to you prior to your administration of the polygraph test to Robert L. Swinney II, and provide the name and job title of the person who provided that information to you

    (f) what was the initial date of contact from the City of Charlotte relating to performing a polygraph test on Robert L. Swinney II, and the dates for any and all other individuals involved in the April 28, 2008 incident?

    (g) on what date did you conduct a polygraph test for Robert L. Swinney II, and identify dates your performed tests for any and all other individuals involved in the April 28, 2008 incident?

    (h) identify the names and job titles of any and all persons to whom you provided the results of your polygraph test for Robert L. Swinney II, and for any and all other individuals involved in the April 28, 2008 incident

    (i) describe with specificity your testing procedures, processes, and list the questions asked prior to and during polygraph testing of Robert L. Swinney II, and for any and all other individuals involved in the April 28, 2008 incident. Provide descriptions for each person you tested

22. **To be answered by Sam Gwinn**: Describe your involvement in the April 28, 2008 incident and include the following information:

   (a) state with detail whether you put your hands on, assaulted, verbally assaulted or touched the body of any City of Charlotte employee on that day.

   (b) did you witness any other City of Charlotte employee put their hands on, assault, verbally assault or touch the body of another City of Charlotte employee? If yes, provide a detailed description of what each City of Charlotte employee said and did on that day

   (c) based on your involvement or observations of the incident on April 28, 2008, what is your perception of the events of that day and your opinion as to the culpability of Robert L. Swinney II, Oscar Harris, and Michael Dazzo

23. **To be answered by Sam Gwinn:** State the names and job titles of any and all persons who requested that you file a report, written or otherwise, on your involvement or observations of the incident of April 28, 2008 and include the following information:

   (a) describe the number of reports you submitted and provide the names and job titles of any and all persons to whom you submitted a report

   (b) were all reports you submitted, written or otherwise, a true and accurate reporting of the events as they occurred during the incident of April 28, 2008, including the written statement dated October 10, 2008

   (c) why did you complete a report on October 10, 2008, about five (5) months after the April 28, 2008 incident

   (d) based on your knowledge, information, or belief were any dates or content changed in oral reports memorialized in writing or prepared written reports submitted by you or by other City of Charlotte employees

   (e) based on reports of your involvement or observations of the April 28, 2008 incident, were you requested to submit to a polygraph test?

   (f) were you pressured to submit to a polygraph test by threats of employment termination? If yes, provide the name and job title of any and all individuals who made statements to the effect that employment termination would result from failure to submit to a polygraph test.

   (g) State all dates you met with Frank (A.F.) Suddreth and for what reason?

24. **This question is to be answered by Angela Lee**: State with specificity and detail your involvement in any administrative decisions made with regard to the April 28, 2008 incident and include information below:

(a) state the number of years you have been employed by the City of Charlotte and identify your current job title

(b) state why it was appropriate for you to become involved in the process and procedures for reporting and investigating the April 28, 2008 incident and state whether you interviewed any and all parties who were involved in or witnessed the incident

(c) describe any and all reports prepared at your direction or request regarding the April 28, 2008 incident

(d) state why a prepared statement regarding the April 28, 2008 incident was completed by Sam Guinn on October 10, 2008, almost five (5) months after the day of the incident, and produced by you at a hearing on the same day, October 10?

(e) for each and every person you interviewed who was involved in or witnessed the April 28, 2008 incident, provide a record, by date for each interview, of the statements the interviewees made to you and your findings regarding the veracity of those statements

25. Document each and every administrative action and decision you made as it related to the April 28, 2008 incident, beginning on April 28, 2008 and up to production of Plaintiff's Request for Interrogatories and Production of Documents. Include dates along with records and explain your role in the investigation of the incident, any reports you prepared, written or otherwise, any interviews you conducted, and justification for your approval and complicity in the employment termination of two African American males.

(a) describe to what extent you participated in the decision to request polygraph testing?

(b) state the names of each and every person involved in or a witness to the April 28, 2008 incident that you requested orally or in writing submit to a polygraph test

(c) provide a true and accurate description, with names and dates, of every communication, written and oral, relating to polygraph testing where you informed employees that failure to submit to a polygraph examination would result in termination and state the City of Charlotte policies and procedures that dictated your presentation of that ultimatum

(d) what if any disciplinary action did you take with regard to Michael Dazzo's involvement in the April 28, 2008 incident?

# REQUEST FOR PRODUCTION OF DOCUMENTS

1. Copies of all comments, statements and reports, and memorialized oral accounts made by Joseph Holden directly or indirectly relating to the April 28, 2008 incident, and including, but not limited to all written and prepared statements, emails, letters or memoranda, handwritten notes, or statements made on forms

2. Copies of all comments, statements and reports, and memorialized oral accounts made by Sam Guinn directly or indirectly relating to the April 28, 2008 incident, and including, but not limited to all written and prepared statements, emails, letters or memoranda, handwritten notes, or statements made on forms

3. Copies of all comments, statements and reports, and memorialized oral accounts made by Angela C. Lee directly or indirectly relating to the April 28, 2008 incident, and including, but not limited to all written and prepared statements, emails, letters or memoranda, handwritten notes, or statements made on forms

4. Copies of all comments, statements and reports, and memorialized oral accounts made by Raheem Williams directly or indirectly relating to the April 28, 2008 incident, and including, but not limited to all written and prepared statements, emails, letters or memoranda, handwritten notes, or statements made on forms

5. Copies of all comments, statements and reports, and memorialized oral accounts made by Douglas Bean directly or indirectly relating to the April 28, 2008 incident, and including, but not limited to all written and prepared statements, emails, letters or memoranda, handwritten notes, or statements made on forms

6. Copies of all comments, statements and reports, and memorialized oral accounts made by Michael Dazzo directly or indirectly relating to the April 28, 2008 incident, and including, but not limited to all written and prepared statements, emails, letters or memoranda, handwritten notes, or statements made on forms

7. Copies of all comments, statements and reports, and memorialized oral accounts made by Julie Birch directly or indirectly relating to the April 28, 2008 incident, and including, but not limited to all written and prepared statements, emails, letters or memoranda, handwritten notes, or statements made on forms

8. Copies of all comments, statements and reports, and memorialized oral accounts made by Frank (A.F.) Suddreth directly or indirectly relating to the April 28, 2008 incident, and including, but not limited to all written and prepared statements, emails, letters or memoranda, handwritten notes, or statements made on forms

9. Copies of all comments, statements and reports, and memorialized oral accounts made by Oscar Harris directly or indirectly relating to the April 28, 2008 incident,

and including, but not limited to all written and prepared statements, emails, letters or memoranda, handwritten notes, or statements made on forms

10. Copies of all comments, statements and reports, and memorialized oral accounts made by Robert L. Swinney II directly or indirectly relating to the April 28, 2008 incident and including, but not limited to all written and prepared statements, emails, letters or memoranda, handwritten notes, or statements made on forms

11. Provide copies of all City of Charlotte internal policies, handbooks, manuals in effect from January 1, 2000 to the time of production of Plaintiff's Request for Interrogatories and Production of Documents that directly or indirectly address the required procedures and processes for investigating and reporting the type of incident that occurred on April 28, 2008

12. Provide copies of all City of Charlotte internal policies, handbooks, manuals in effect from January 1, 2000 to the time of production of Plaintiff's Request for Interrogatories and Production of Documents that directly or indirectly govern all required procedures and processes for employee reprimand or dismissal

13. Copies of all transcripts of polygraph tests conducted by Frank (F.A.) Suddreth relating to the incident on April 28, 2008

14. Copies of all questions, asked of any and all employees involved in or witnesses to the April 28, 2008 incident before and during polygraph testing

15. Copies of documents which provide data on the total number of City of Charlotte employees required to take a polygraph test from January 1, 2000 up to the production of Plaintiff's Request for Interrogatories and Production of Documents. Also include data, by type of employment incident, on the number of polygraph tests administered by the City of Charlotte Utilities department along with statistics on the number of employees terminated after the administration of polygraph testing. If such a document is not readily available, then prepare it using available records

16. Copies of documents outlining data on the number of all white and non-white City of Charlotte employees who have reportedly failed a polygraph test conducted by the City of Charlotte

17. Copies of documents outlining data on the number of all white and non-white City of Charlotte employees who have been terminated as a result of failing a polygraph test conducted by the City of Charlotte

18. Copies of City of Charlotte policies, handbooks, and manuals that set-out the rationale and legality for polygraph testing of employees

19. Copies of City of Charlotte policies, handbooks, and manuals that set-out the factors considered for utilizing polygraph testing, conditions for utilizing

polygraph testing, standards for technology, and expertise of person conducting testing

20. Provide copies of all emails, letters, handwritten notes, forms, and memoranda submitted to all personnel involved in the April 28, 2008 incident, or who witnessed the April 2008 incident, requesting they take a polygraph test and informing them that their refusal to do so would result in employment termination

21. Copies of City of Charlotte policies, handbooks, and manuals that provide direction on the reporting of arrests of city employees for offenses of violence or any other crimes which could potentially place other employees at risk

22. Provide a copy of employment policies and procedures for background checks on new hires and for continuing background checks on City of Charlotte employees

23. Provide copies of all City of Charlotte internal policies, manuals and handbooks that were utilized or applied in making personnel decisions related to the April 28, 2008 incident. Include any and all policies in effect from January 1, 2000 to production of Plaintiff's Request for Interrogatories and Production of Documents which include provisions for, but do not limit to:

    (a) investigation of work-related complaints and incidents

    (b) reporting of work-related complaints and incidents

    (c) reprimands for work-related complaints and incidents

    (d) preparation of reports of complaints and incidents for employee records

    (e) employment termination for work-related complaints and incidents

    (f) threats and ultimatums to employees to induce them to take lie detector tests or face termination from employment

24. Provide a copy of all City of Charlotte policies, manuals, and handbooks that address any and all procedures and processes related to the termination of employees

25. Provide a copy of all City of Charlotte Police Reports and any other law enforcement reports related to Michael Dazzo's alleged assault of Oscar Harris, a City of Charlotte employee, that are included the City of Charlotte Utilities Dept. records

Dated: 2/9/2010

*Robert L. Swinney II* (signature)
Robert L. Swinney II, Plaintiff (Pro Se)
7245 Winery Lane
Charlotte, NC 28227
(704) 910-3344

## CERTIFICATE OF SERVICE

The undersigned plaintiff herby certifies that a copy of the foregoing Plaintiff's Rule 33 Initial Interrogatories and Request for Documents were served by regular U.S. Mail postage prepaid, upon the Attorneys for the Defendant, The City of Charlotte, to: Richard Harcourt Fulton, 1100 Cameron Brown Building, 301 South McDowell Street, Charlotte, North Carolina 28204-2623 and Christina Murphy-Booth, Paralegal, Cameron Building, 301 South McDowell Street, Charlotte, North Carolina 28204-2623; on this the 22nd Day of December 2009.

*Robert L. Swinney II* (signature)
Robert L. Swinney II