# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No: 3:09-CV-144-FDW-DSC

| | |
|---|---|
| **ROBERT L. SWINNEY, II,** | |
| **Plaintiff,** | |
| v. | **ORDER** |
| **CITY OF CHARLOTTE,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on the pro se Plaintiff's "Request to Court to Order Defendant to Respond to Interrogatories and Requests for Documents" (document #17) filed February 25, 2010, and Defendant's "Response ..." (document #18) filed March 1, 2010.

The parties' present discovery dispute involves Defendant's objection to producing three categories of information and/or documents that are otherwise responsive to Plaintiff's Interrogatories and Requests to Produce.

First, Defendant objects to producing information and documents that it contends are subject to the attorney-client[1] and attorney work product privileges,[2] that is, defense counsel's

---

[1] The attorney-client privilege is intended to encourage those who find themselves in actual or potential legal disputes to be candid with lawyers who advise them, and is one of the oldest recognized privileges for confidential communications. See Upjohn Co. v. United States, 449 U.S. 383, 389 (1981); Hunt v. Blackburn, 128 U.S. 464, 470 (1888). The attorney-client privilege is intended to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." Upjohn, 449 U.S. at 389. Accord Swidler & Berlin v. U.S., 524 U.S. 399, 404 (1998).
 When the privilege applies, it affords confidential communications between lawyer and client complete protection from disclosure. See Trammel v. United States, 445 U.S. 40, 50 (1980); In re Grand Jury Subpoena, 204 F.3d 516, 519-20 (4th Cir. 2000); Hawkins v. Stables, 148 F.3d 379, 383 (4th Cir. 1998). This protection applies to communications between a corporate party and its in-house counsel, as well as to communications with a privately-retained attorney. See Upjohn, 449 U.S. at 389-90.
 It is well established that the attorney-client privilege extends not only to documents authored by an attorney, but also to information and queries submitted to him by his client. Upjohn, 449 U.S. at 390 (explaining that the attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice"); and In re Allen, 106 F.3d 582, 601 (4th Cir. 1997) (applying Upjohn).

[2] The attorney work product privilege is intended to prevent a litigant from taking a free ride on the research and thinking of his opponent's lawyer and to avoid the resulting deterrent to a lawyer's committing his thoughts to paper. See, e.g., United States v. Nobles, 422 U.S. 225, 236-39 (1975); U.S. v. Bornstein, 977 F.2d 112, 117 (4th Cir. 1992), citing United States v. Powell, 379 U.S. 48, 58 (1964). In order to qualify for the work product doctrine, the document must be prepared "because of the prospect of litigation when the preparer faces an actual claim or a

"notes, drafts, thought processes, and communication with clients on matters related to this litigation."

Defendant next objects to responding to any Interrogatories propounded by Plaintiff in excess of the 25 Interrogatories permitted by Paragraph 1c of the Case Management Order and Rule 33(a)(1) of the Federal Rules of Civil Procedure. See Document #6 at 2; Fed. R. Civ P. 33(a)(1) ("[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts"). As Defendant correctly points out in its Response, including subparts, Plaintiff has propounded more than 100 Interrogatories. Defense counsel indicates that Defendant has responded to the first 25 Interrogatories, that is, through and including Interrogatory 11(d).

Finally, Defendant initially objected to producing copies of its city-wide policies and procedures which are available to the public on Defendant's Internet website. In its discovery responses, Defendant directed Plaintiff to obtain this information from the website. In its present Response, however, Defendant offers that "if it pleases the Court, Defendant will attempt to print out as much of the on-line material as possible." Document #18 at 2.

Having carefully considered the record, arguments and applicable authority, and having conferred with the chambers of the District Judge to whom this case is assigned (the Honorable Frank D. Whitney), the Court will sustain Defendant's first two objections and overrule its third objection. The Court will also extend Defendant's deadline for amending its Motion for Summary Judgment and Plaintiff's deadline for responding to that Motion.

---

potential claim following an actual event or series of events that reasonably could result in litigation." National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 984 (4th Cir. 1992).

**NOW THEREFORE IT IS HEREBY ORDERED** that:

1. Plaintiff's "Request to Court to Order Defendant to Respond to Interrogatories and Requests for Documents" (document #17) is **GRANTED IN PART** and **DENIED IN PART**, that is, on or before March 10, 2010, Defendant shall produce copies of all otherwise responsive, unprivileged information which Defendant initially did not produce on the grounds that the information was available through the Internet. Plaintiff's Motion is **DENIED** in all other respects.

2. Defendant shall have until March 10, 2010 to amend its Motion for Summary Judgment and Memorandum in Support.

3. **Plaintiff shall file his response to Defendant's Motion for Summary Judgment no later than April 7, 2010.**

4. The Clerk is directed to send copies of this Order to the pro se Plaintiff; to defense counsel; and to the Honorable Frank D. Whitney.

**SO ORDERED.**               Signed: March 2, 2010

_____
David S. Cayer
United States Magistrate Judge